Johnny G. RHOADES and Betty G. RHOADES *v.*
Jack SIMS

85-31                                      692 S.W.2d 750

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Lesly W. Mattingly*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JOHN I. PURTLE, Justice. Appellants filed a malpractice suit against their former lawyer. A motion for summary judgment was granted in favor of the lawyer. Appellants argue here that the trial court erred in applying the three year statute of limitations to the case. We hold that the trial court was correct.

Appellee represented appellants in a chapter XIII proceeding and also filed a response for them in a 1977 suit by Teague Home Builders, Inc. to foreclose on a mobile home. The appellant husband became disabled for a time and was unable to maintain his chapter XIII obligations. The Bankruptcy Court dismissed the proceeding. On January 9, 1979, appellee sent the appellants a letter in which he enclosed a quitclaim deed for appellants to sign and return. Being dissatisfied with the recommendation the appellants sought the advice of other counsel who agreed with

them. However, no action was taken at the time. A motion by Teague for summary judgment was filed on February 28, 1979. Appellee received a copy of the motion and a notice that a hearing on the motion would be held on March 13, 1979. He failed to respond or notify his clients. After the hearing the motion for summary judgment was granted.

Appellants were notified that the motion had been granted. New counsel filed a motion to set the judgment aside on April 28, 1979. A hearing was held on June 26, 1979, and the court announced that the judgment would be set aside but failed to enter a formal order setting it aside. The court requested the parties to determine the amount owed by appellants to Teague and to put the appellants back into possession of the property. Teague's attorney failed to notify him and he sold the property to third parties.

After several hearings a trial was held on the merits of the case in late 1980, but judgment was not entered until February 14, 1981. After obtaining execution on the judgment the appellants learned that the Teague company did not own the property but it had instead been owned by Teague and his wife as individuals.

The appellants then filed a third party complaint which was treated by the trial court as a motion for a new trial. A new trial was granted based upon newly discovered evidence and fraud. A new trial was held on August 6, 1982, and judgment again was entered in favor of the appellants in the amount of $5,941.63. This judgment was appealed to the Court of Appeals which rendered an opinion in July of 1983, setting aside the judgment because the trial court failed to formally enter a judgment setting aside the original summary judgment against the appellants. The opinion was not designated for publication and rehearing was denied on August 24, 1983.

Appellee did not represent the appellants in any manner after May 16, 1979. However, the suit by appellants was not finally concluded until August, 1983. This malpractice suit against the attorney was filed on February 10, 1984.

The question presented to this court is whether the three year statute of limitations applying to malpractice suits against

attorneys was tolled by the continuation of the litigation which was the subject from which this suit arose. The specific act of negligence alleged was the failure to respond to the motion for a summary judgment or to notify the appellants that a hearing on the motion would be held on March 13, 1979.

The trial court granted the motion for summary judgment in favor of Teague. Notice of the judgment was received by the appellants, and their new attorney filed a motion on April 28, 1979, to set aside the judgment. This motion was heard on June 2, 1979, and the court held the motion should be granted. It is the precise action by the court on this motion that presents the problem here considered. The fact that the action taken by the court is not included in the record makes the case more difficult. We have only the affidavits filed by the litigants in support of and in opposition to a motion for summary judgment in the malpractice suit against the attorney. All parties agree that the court stated in open court that the original summary judgment against the appellants should be set aside. Appellants' joint affidavit states: "The Chancellor advised our attorney and Mike Wilson, attorney for Teague Home Builders, Inc., that he would set the summary judgment aside because Mr. Sims had filed no response or notified us of the scheduled hearing." The affidavit goes on to state that the chancellor did not want to formally set the judgment aside and therefore instructed the parties to get together and determine the amount appellants owed Teague and reinstate the parties to their original positions. Subsequently Teague sold the property to third parties. The Teagues' attorney had failed to notify them that their default judgment had been ordered set aside by the trial court. Upon learning of the sale of the property the trial court set the case for trial on its merits. When it was tried the appellants obtained a judgment against Teague Home Builders, Inc. in the amount of $5,941.63.

When appellants attempted execution on the judgment, which was not appealed, they learned the property they were purchasing was, at the time of purchase, in the names of Jerald B. Teague and Judy A. Teague individually. The trial court then granted a new trial and judgment was entered in favor of the appellants. The Court of Appeals reversed the judgment because there had been no formal order setting aside the original summary judgment in favor of Teague.

■■ Unquestionably the attorney was negligent in failing to contact his clients and in failing to respond to the motion for summary judgment. On motion of substituted counsel the judgment was set aside. It was stipulated that Sims did not represent appellants in any manner after May 16, 1979. Unless the continuing legal battle over the property tolled the statute the three year rule applies. *Riggs* v. *Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984); Ark. Stat. Ann. § 37-206 (Repl. 1962). As far back as *White* v. *Reagan*, 32 Ark. 281 (1877), this court held that the misconduct or negligence of an attorney triggers the statute of limitations.

The trial court obviously did not wish to expose the attorney to a malpractice claim and for that reason announced that the judgment would be set aside but failed to enter an order to that effect. He conducted the case thereafter in exactly the same manner as if the judgment had been formally set aside. Appellant's new attorney was present when the chancellor announced his decision to set aside the judgment. Had he or the appellants desired they could have insisted on a formal order but they did not. Whatever action was taken after March 13, 1979, was not taken by Sims. Likewise, any action not taken which should have been taken was not the fault of Sims. It had been more than four years since the attorney had any active participation in the case when the malpractice suit was filed against him.

After the summary judgment of March 13, 1979, there was no misrepresentation or concealment of any conduct by Sims. There was no such action at any time by him.

■ Since the appellants knew all the facts and circumstances of Sims' activities in this case and had in fact contacted other counsel prior to the original summary judgment they cannot rely upon the delay of the suit to toll the statute. This is especially true in view of the fact that the trial court and all the parties treated the judgment as having been set aside. We hold that the three year statute applies and the judgment is affirmed.

Affirmed.

GEORGE ROSE SMITH, J., not participating.