## MND DRILLING CORPORATION, Appellant,

v.

## Harold LLOYD and the Law Offices of Harold Lloyd, Inc., Appellees.

No. A14-87-0385-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1987.

Motion to Publish Granted Nov. 10, 1993.

**30** 

Ralph K. Harrison, The Woodlands, Jack G. Carnegie, Houston, for appellant.

Geoffrey H. Bracken, Joe G. Roady, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a summary judgment in favor of appellees, defendants in the trial court. Appellant attacks the summary judgment upon only one ground. We affirm.

On or about September 9, 1980, appellant, through its predecessor, Butler Drilling Corporation (Butler), retained appellees (Lloyd) in order to bring suit against Mission Insurance Company (Mission) on an umbrella insurance policy. This policy was originally established between Mission and Mitchell Energy and Development Corporation (Mitchell) on February 7, 1974. Sometime thereafter Mitchell acquired Butler. Butler came to be involved in a personal injury lawsuit filed against it on or about October 14, 1976. Butler sought indemnification from Mission under the umbrella insurance policy for the claims made against Butler in that personal injury suit. Mission denied liability claiming that Butler was not covered under its policy with Mitchell. It was at this time that Butler hired Lloyd to bring its cause of action against Mission for indemnity.

Following institution of suit by Butler, Mission filed a motion for summary judgment against Butler. Lloyd failed to file a response to the motion for summary judgment, failed to notify Butler of the motion and failed to attend the hearing on the motion. Mission's motion for summary judgment was granted. Butler did not become aware of the judgment until after time for appeal had expired. In September 1985, Butler's successor, MND, filed suit against Lloyd for legal malpractice. Lloyd filed a motion for summary judgment against MND claiming that even if he had filed a response to Mission's motion for summary judgment, the court would have had no choice but to grant the motion. The trial court here agreed and granted Lloyd's motion for summary judgment.

MND's sole point of error on appeal is as follows:

The trial court erred in granting the final summary judgment in favor of Defendants/Appellees because the summary judgment record shows that the Mission

Insurance policy in question provided coverage to Butler Drilling Corporation as a matter of law; consequently the causation element of Appellant's negligence action is maintainable.

■■■ Where a client sues his attorney on the ground that the latter caused him to lose his cause of action, the burden of proof is on the client to prove that his suit would have been successful but for the negligence of his attorney. *Jackson v. Urban, Coolidge, Pennington & Scott,* 516 S.W.2d 948, 949 (Tex. Civ.App.–Houston [1st Dist.] 1974, writ ref'd n.r.e.); *Gibson v. Johnson,* 414 S.W.2d 235, 238–39 (Tex.Civ.App.–Tyler 1967, writ ref'd n.r.e.). It is clear that Lloyd was negligent in failing to respond to Mission's motion for summary judgment, to attend the hearing on the motion, and to notify Butler of the judgment. *See Rhoades v. Sims,* 286 Ark. 349, 692 S.W.2d 750, 751 (1985). Thus, the only issue before us is whether Butler would have been successful in its suit against Mission but for the negligence of Lloyd. *See Tijerina v. Wennermark,* 700 S.W.2d 342 (Tex.App.–San Antonio 1985, no writ). We hold that under the summary judgment evidence before the trial court, Mission still would have prevailed on its motion for summary judgment even if Lloyd had filed a response; consequently, as a matter of law, the causation element is missing in MND's action against Lloyd for legal malpractice.

The very first provision of the Mission umbrella insurance policy provides that the "Named Assured" under the policy is: "Mitchell Energy & Development Corp., et al and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted *and of which prompt notice has been given to the Underwriters.*" (emphasis added). Endorsement # 1 to the policy contains a list of 17 companies which fall under the category of "Named Insured." Butler is not listed among those 17 companies.

MND claims that Butler was covered under the Mission policy through the following provision:

The unqualified word "Assured," whenever used in this Certificate, includes not only the Named Assured but also:

.    .    .    .    .

(c) any additional Assured (not being the Named Assured under this Certificate) included in the Underlying Insurances, *subject to the provisions in Condition B:* but not for broader coverage than is available to such additional Assured under any underlying insurances as set out in the Schedule ... (emphasis added).

Condition B provides:

In the event of additional assureds being added to the coverage under the underlying insurances during currency hereof *prompt notice shall be given to Underwriters hereon* and if an additional premium has been charged for such addition on the underlying insurances, Underwriters shall be entitled to charge an appropriate additional premium hereon. (emphasis added).

It is undisputed that Butler gave Mission no notice of its addition to the underlying insurance to Mission's umbrella policy. It is also undisputed that Butler's insurance agent gave no notice to Mission of Butler's addition to the underlying insurance policy thus entitling it to be an "additional assured" under the umbrella policy.

■■■ MND claims that Butler complied with the "prompt notice" requirement of the policy by paying an additional premium in accordance with Condition B of the policy. The premium charged for the policy was calculated upon a percentage of the insured's payroll and was subject to an annual adjustment. An "audit-premium adjustment" was attached to the policy as Endorsement # 16 showing an additional premium was charged for the period January 31, 1976 to January 31, 1977. Butler's name appears nowhere on this endorsement. Endorsements # 12 and # 15 are also attached to the policy as provisions for additional premiums, but they also do not indicate for whom the additional premiums are paid or for what reason. While insurance policies are strictly construed in favor of the insured in order to avoid the exclusion from coverage, *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984), that rule does not apply when the term in question is susceptible of only one reasonable construction. When there is no ambiguity, it is the court's duty to give the words used

their plain meaning. *Id.* Usually, notice is a question of fact to be determined by the trier of fact; however, it becomes a question of law when there is no room for ordinary minds to differ as to the proper conclusions to be drawn from the evidence. *Herndon Marine Prods., Inc. v. San Patricio County Appraisal Review Bd.*, 695 S.W.2d 29, 33 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Crystal City Indep. School Dist. v. Crawford*, 612 S.W.2d 73, 75 (Tex.Civ.App.— San Antonio 1981, writ ref'd n.r.e.).

"Prompt notice" under the umbrella policy here must mean at least notice given within a reasonable time in light of the involved circumstances. *See Continental Sav. Ass'n v. United States Fidelity & Guaranty Co.*, 762 F.2d 1239, 1243 (5th Cir.1985). The inclusion of an additional premium in the umbrella insurance policy did not provide Mission with "prompt notice" of Butler's addition to the coverage under the underlying insurance policy. Thus, Butler could not have prevailed against Mission in its motion for summary judgment, and summary judgment was proper for Lloyd in this case. Appellant's sole point of error is overruled.

The judgment is affirmed.