IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10816
Summary Calendar

TERESA WARD COOPER

Plaintiff-Appellant

V.

DALLAS POLICE ASSOCIATION

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-cv-2206

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Teresa Ward Cooper ("Cooper") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Dallas Police Association ("DPA"). For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cooper is a former police officer with the Dallas Police Department ("DPD") and a former member of the DPA. The DPA is an employee group of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

police officers in the DPD and represents officers in all aspects of their employment. One of the benefits of membership is legal assistance in administrative and criminal matters. Under the DPA's Guidelines for Legal Assistance, the DPA will provide members with legal representation for administrative appeals of disciplinary actions, DPD administrative investigations, and certain criminal matters. The DPA does not provide legal assistance automatically for civil matters, but the DPA's board, in its discretion, may choose to grant funding for a member's civil case.

In April 2004, Cooper provided sworn testimony to the Texas Commission on Human Rights regarding a fellow officer's complaint against the DPA. The officer claimed that the DPA had denied him legal assistance because of his race. Cooper testified that although she had no first-hand knowledge of any discrimination toward the officer, the DPA had previously provided her with financial assistance for legal representation for an unlawful wage garnishment case. The DPA learned of this testimony on August 3, 2004, as part of discovery disclosures in that case. Unrelated to the officer's discrimination claim, on August 10, 2004, the DPA board considered a request from Cooper for "up to $5,000" in legal assistance from the DPA for civil suits against the DPD. The board authorized only $1,800 for Cooper's legal assistance, citing an increase in legal expenses and a budget deficit as the reasons for not approving the full amount.

Cooper then filed suit, alleging that the board, in denying her full request for financial assistance, unlawfully retaliated against her for her testimony to the Texas Commission on Human Rights, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Cooper also alleged discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, claiming that the board denied her full request because she is disabled and unable to perform her duties as a Dallas police officer. The district court granted

summary judgment to the DPA on both counts, and Cooper appeals. We have jurisdiction over the district court's final order granting summary judgment pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's summary judgment order. Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). We will affirm the district court's decision to grant summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Richardson, 434 F.3d at 332. In conducting this inquiry, we must "consider the evidence in a light most favorable" to Cooper, the non-moving party. Richardson, 434 F.3d at 332.

## III. DISCUSSION

A. Under Title VII, Cooper failed to rebut the DPA's proffered nonretaliatory reason for denying her full request for legal assistance

When a plaintiff asserts retaliation related to her employment but provides only circumstantial evidence to support her claims, we invoke the burden-shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The plaintiff must first establish a prima facie case of retaliation under Title VII, which has three elements: "(1) the employee engaged in [an] activity protected by Title VII; (2) the employer took [an] adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." Brazoria County, Tex. v. Equal Employment Opportunity Comm'n, 391 F.3d 685, 692 (5th Cir. 2004) (emphasis omitted) (internal quotation marks omitted). If the plaintiff successfully establishes a prima facie case, the burden then shifts to the employer to provide a "legitimate, nonretaliatory reason for the adverse employment action." Hockman v. Westward Commc'n LLC, 407 F.3d 317, 330

(5th Cir. 2004). If the employer asserts a nonretaliatory explanation, the plaintiff's prima facie case disappears, and the plaintiff must show that the given reason is merely a pretext for retaliation. See McDonnell Douglas, 411 U.S. at 804.

Here, the district court did not explicitly decide whether Cooper established a prima facie case because, in any event, the DPA presented a nonretaliatory reason for its action, and Cooper failed to rebut that reason by showing that it is a pretext for denying her full request for legal assistance. The DPA argues that the board denied Cooper's full request based on concerns over the organization's finances. In particular, the DPA notes that its Secretary/Treasurer, Ron Pinkston, wrote a letter to DPA members stating that "legal expenses have increased by nearly 50%" and that continuing this trend will create a budget deficit of nearly $200,000. Further, the DPA presented the affidavit of Glenn White, DPA's president at the time, which stated that the board was aware of the budget deficit when it voted on Cooper's request and that he was personally concerned about the increase in the DPA's legal expenses.[1] This evidence demonstrates that the DPA presented a legitimate, nonretaliatory reason for denying Cooper's full request: reining in the DPA's spending.

Cooper has provided no evidence whatsoever to suggest that the DPA's proffered reason is a mere pretext for retaliation. Indeed, the DPA notes that at the same meeting, the board completely denied another member's request for legal assistance while still partially funding Cooper's civil suit, which further demonstrates the DPA's restraint in providing funding. The DPA therefore provided sufficient probative evidence concerning the fiscal state of the organization, and Cooper's subjective statements to the contrary are inadequate

---

[1] Cooper attempts to discredit White's affidavit by noting that as president of the board, he could vote only if there was a tie. Regardless, White's affidavit establishes that the board had the DPA's finances in mind when considering Cooper's request.

to call the proffered reason into question. As such, the district court did not err in granting summary judgment to the DPA on this basis.

B.   Cooper failed to establish that she is a "qualified individual with a disability" under the ADA

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).[2]   In turn, the ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."   42 U.S.C. § 12111(8); Rogers v. Int'l Marine Terminals, Inc., 87 F.3d 755, 759 (5th Cir. 1996).

We need not determine if Cooper's complaints of "extreme work related stress and exhaustion" qualify as a disability, because, in any event, she is not a "qualified individual with a disability."   In her original complaint, Cooper stated that her ailments made her "unable to perform her duties as a Dallas police officer."   Moreover, she fails to suggest any accommodations that either the DPA or the DPD could provide to enable her to perform her duties. Therefore, she admits that she cannot perform the essential functions of her job (with or without reasonable acommodation), which is one of the requirements of being a "qualified individual with a disability."   Cooper's broad conclusory statements on appeal that she is qualified for her position as a Dallas police officer (but yet is still disabled) are insufficient to allow her to survive summary

---

[2] We echo the district court's observation that it seems peculiar for Cooper to assert a claim based on the ADA against the DPA, which is not her employer.  Nevertheless, we follow the district court in choosing not to address this peculiarity because, in any event, Cooper fails to show that she qualifies under the ADA.

judgment. Cooper's failure to meet the statutory definition dooms her claim because she plainly does not qualify under the ADA. Thus, the district court did not err in granting summary judgment to the DPA on Cooper's ADA claims.

## IV. CONCLUSION

Cooper fails to show that the DPA's proffered reason for denying her full request for legal assistance was a pretext for retaliation. Further, Cooper fails to demonstrate that she is a "qualified individual with a disability" under the ADA. Therefore, we affirm the district court's order granting summary judgment for the DPA.

AFFIRMED.