Reversed and Rendered and Opinion filed December 14, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00185-CV

___________________

 

GORDON R. COOPER, II, Appellant

 

V.

 

JAMES B. HARRIS, Appellee



 



 

On
Appeal from the 149th District Court

Brazoria County,
 Texas



Trial Court Cause No. 30052

 



 

 

OPINION

            An attorney appeals from a judgment on a jury verdict
against him based on negligence and breach-of-contract claims asserted by his
former client in connection with the attorney’s handling of a lawsuit against
the client’s former employer.  Concluding that the evidence of causation is
legally insufficient as to the negligence claim and that the client cannot
assert the breach-of-contract claim separately from the negligence claim, we
reverse the trial court’s judgment and render judgment that the client take
nothing.

 

I.  Factual and
Procedural Background

 

            Appellant Gordon R. Cooper, II is a Texas
attorney.  Appellee James B. Harris was his client.  Harris retained Cooper to
pursue employment discrimination claims after Harris’s longtime employer
terminated Harris’s employment.

Cooper’s Handling of Harris’s Employment
Discrimination Claims

            A chemist, Harris had worked for BASF for
twenty-five years when BASF fired him on August 10, 2000. The next day Harris
met with Cooper about pursuing various discrimination claims against BASF, and
Cooper agreed to represent Harris.  More than six months later, on March 6,
2001, Cooper filed a charge of discrimination with the Equal Employment
Opportunity Commission (“EEOC”) alleging both race and age discrimination.
Under section 21.202 of the Texas Labor Code, this filing was untimely as to
Harris’s state law claims.  The EEOC dismissed Harris’s charge of
discrimination on July 30, 2001, and issued a notice to Harris of his right to
sue BASF for race and age discrimination.  The notice recited that if Harris
decided to sue BASF, he was required to do so within ninety days of his receipt
of the notice; otherwise, Harris’s right to sue would be lost.  After receiving
this notice from the EEOC, Cooper waited more than ninety days to file suit.  

            On January 14, 2002, Cooper filed suit in
state court, alleging violations of the Texas Labor Code only.  BASF removed
the case to federal court.  After removal, Cooper ceased representing Harris
and withdrew from the case.  Harris retained attorney Peggy Sue Bittick to
represent him.  Bittick sought leave to amend Harris’s complaint to allege
additional claims, but the federal district court denied this request.  BASF
filed a motion for summary judgment, alleging that Harris’s claims were
procedurally barred because he did not pursue administrative remedies until
more than 180 days after the date on which BASF engaged in the alleged unlawful
employment practice.  In the alternative, BASF sought summary judgment on the
merits of Harris’s claims.  The federal district court granted summary judgment
on the procedural grounds and did not address BASF’s alternative arguments on
the merits.  The United States Court of Appeals for the Fifth Circuit affirmed.

Harris’s Claims Against Cooper

            Harris sued Cooper in this case, asserting
various claims, including negligence and breach of contract.  Cooper
represented himself at trial and disputed that he had been negligent.  Bittick
testified as both a fact witness and an expert witness.  In Harris’s case in
chief, Harris, Harris’s wife, and Cooper also testified.  Cooper called only
himself as a witness.  

            The trial court charged the jury on the
negligence and breach-of-contract claims.  The jury found in Harris’s favor on
both claims and awarded more than $2.1 million dollars in actual damages for
the negligence claim and $7,250 for the breach-of-contract claim.  The trial
court rendered judgment on the jury’s verdict awarding damages for both claims
for a total judgment in excess of $2.9 million.

II.  Issues and
Analysis

On appeal, Cooper challenges the legal sufficiency of
the evidence.  When reviewing the legal
sufficiency of the evidence, we consider the evidence in the light most
favorable to the challenged finding and indulge every reasonable inference that
would support it.  City of Keller v. Wilson, 168 S.W.3d 802, 823
(Tex.2005).  We must credit favorable evidence if a reasonable factfinder could
and disregard contrary evidence unless a reasonable factfinder could not.  See
id. at 827.  We must determine whether the evidence at trial would enable
reasonable and fair-minded people to find the facts at issue.  See id.  The
factfinder is the only judge of witness credibility and the weight to give to
testimony. See id. at 819.

A.        Preservation of Error 

            On appeal, Cooper does not dispute that he
owed Harris a negligence duty or that he breached it.  But, in his first issue,
Cooper asserts that the trial evidence is legally insufficient to support the
jury’s causation finding as to the negligence claim.  

            First, we address Harris’s assertion that Cooper
failed to preserve error in the trial court.             Before the trial court
signed its judgment, Cooper filed a motion in which he did the following: 

·       
objected to the judgment proposed by Harris, arguing that it
misapplied the law to the facts;

·       
objected to entry of judgment based on the jury’s answers to
questions one and two;[1]

·       
stated that, to prevail on a negligence claim arising from the
alleged mishandling of an underlying claim or litigation, the claimant has the
burden to prove (1) that “but for” the attorney’s negligence, the claimant
would have prevailed in the underlying case and (2) the amount that the claimant
would have collected had the judgment been recovered;

·       
noted that this “suit within a suit” requirement is necessarily a
part of the claimant’s burden to prove causation;

·       
argued that there is no evidence to support the elements of
Harris’s negligence claim, one of which was that Cooper’s breach of duty
proximately caused Harris’s alleged damages; and

·       
asked the trial court to sign an order sustaining Cooper’s
objections and to sign a final judgment disposing of all of Harris’s claims
consistent with Cooper’s motion.

 

If the trial court had granted the relief requested in the
motion, then it would have rendered judgment that Harris take nothing,
notwithstanding the jury’s verdict.  The substance of the motion is a motion
for judgment notwithstanding the verdict.  See Gammill v. Gammill, No.
14-07-01013-CV, 2009 WL 1660479, at *3 (Tex. App.—Houston [14th Dist.] June 16,
2009, no pet.) (mem. op.).  By rendering a judgment on the jury’s verdict in
favor of Harris, the trial court impliedly denied this motion.[2]  See Chilkewitz
v. Hyson, 22 S.W.3d 825, 828 (Tex. 1999).  We conclude that Cooper
preserved error in the trial court as to his first issue.

 

 

B.        Legal Insufficiency of the Evidence to Support Jury’s
Causation Finding

            The trier of fact must have some basis for
understanding the causal link between the attorney’s negligence and the
client’s harm.  See Alexander v. Turtur & Assocs., 146 S.W.3d 113,
119 (Tex. 2004).  In some cases, the client’s testimony may provide this link,
but in others, the connection may be beyond the trier of fact’s common
understanding and require expert testimony.  See id.  A failure of proof
can result if expert testimony is limited to whether an attorney violated the
standard of care.  See id.  Proof of causation of injury often requires
expert testimony concerning what a reasonably prudent attorney would have done
under the circumstances.  See id.  When the causal link between the
attorney’s negligence and the alleged damages is beyond the trier of fact’s
common understanding, expert testimony is necessary.  See id. at
119–20.  In a litigation- malpractice case, it is generally beyond the trier of
fact’s common understanding to determine whether the result of the underlying
litigation would have been different but for the attorney’s alleged
negligence.  See id.

Harris recovered nothing in his suit against BASF. 
Harris asserted a negligence claim against Cooper based on Cooper’s alleged
negligence in prosecuting Harris’s claims against BASF.  In this context, to
prove causation in his negligence claim against Cooper, Harris had to prove
that if his claims had been properly prosecuted by a reasonably prudent
attorney, Harris would have obtained a judgment against BASF more favorable that
the judgment he actually obtained.  See Akin, Gump, Strauss, Hauer &
Feld, L.L.P. v. Nat’l Dev. & Res. Corp., 299 S.W.3d 106, 112 (Tex.
2009) (stating that, when a client claims his attorney negligently represented
him in another case, the client must prove the amount of damages that would
have been recovered and collected if the case had been properly prosecuted by a
reasonably prudent attorney); Alexander, 146 S.W.3d at 118–20
(holding that, to prove causation, client
claiming attorneys negligently represented it in another case had to
show that client would have achieved a more favorable result in the underlying
lawsuit if the client had been represented by
attorneys who were not negligent in handling the case); Cosgrove v. Grimes, 774 S.W.2d 662, 664–66 (Tex. 1989) (same as Akin, Gump); Primis
Corp. v. Milledge, No. 14-08-00753-CV, 2010 WL 2103936, at *3 (Tex.
App.—Houston [14th Dist.] May 27, 2010, no pet.) (mem. op.) (stating
that, to prove causation, client claiming
attorneys negligently represented it in another case had to show that
result in underlying case would have been more favorable to client if the client had been represented by a reasonably
prudent attorney); MND Drilling Corp. v. Lloyd, 866 S.W.2d 29,
31–32 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding that, to prove
causation, client claiming attorney negligently
prosecuted underlying suit in which client took nothing had to show that
client would have been successful in the underlying suit if the client had been represented by attorneys who
were not negligent); Greathouse v. McConnell, 982 S.W.2d 165, 172–73
(Tex. App.—Houston [1st Dist.] 1998, pet. denied) (stating that client claiming attorneys negligently represented it in
another case had to show that client would have prevailed and been
entitled to judgment in the underlying lawsuit if
the client had been represented by an attorney who was not negligent).  

We conclude that determining whether Harris would have
recovered judgment against BASF if he had been represented by a reasonably
prudent attorney was beyond the jury’s common understanding.[3]  See Alexander, 146 S.W.3d at 119–20
(holding expert testimony necessary for
causation regarding outcome of underlying adversary proceeding); Primis
Corp., 2010 WL 2103936, at *3 (holding expert testimony necessary for
causation regarding outcome of underlying lawsuit); F.W. Indus., Inc. v. McKeehan,
198 S.W.3d 217, 221–22 (Tex. App.—Eastland 2005, no pet.) (holding expert
testimony necessary for causation regarding the effect of a bankruptcy filing
by client’s debtor upon client’s claims against debtor).  Therefore, expert
testimony was required on this issue.  See Alexander, 146
S.W.3d at 119–20; Primis Corp., 2010 WL
2103936, at *3; F.W. Indus., Inc., 198 S.W.3d at 221–22.

The only expert testimony proffered by Harris was
Bittick’s testimony.  At trial, Bittick testified in pertinent part as follows:

·       
Harris’s case against BASF “was
going to be a good solid six-figure case.”

·       
Harris “was looking at 250 to
300,000 for back pay.”

·       
Back pay is reduced by the amount of
benefits that Harris actually was receiving during the relevant time period in
his post-BASF employment.

·       
Harris’s case had “lots of good
facts” that might have warranted punitive damages.

·       
BASF was a multi-billion-dollar
company at the time.

·       
BASF would have been able to
satisfy any judgment that Bittick would have been able to obtain against BASF
on behalf of Harris.

·       
Cooper breached his negligence
duty by failing to comply with state and federal deadlines for Harris’s claims.

·       
Harris “was going to make a great
witness because he presented well.”

·       
Harris was “very articulate, very
credible, very believable about what he felt and what this did to him.”

·       
When asked to give “a ballpark
figure total that you think this case would have been worth had [Harris] been
able to bring it to a jury,” Bittick stated that “[t]his was going to be a minimum
$300,000 case and then it was just going to go upwards from there because of
the things that had happened to [Harris].” 

·       
Bittick’s estimate of $300,000 was
“the low side.”

·       
In addition, Harris would have
been able to recover costs and his attorney’s fees.

·       
When asked “[w]hat amount, if any,
do you think [Harris] would have been able to recover as exemplary damages?”,
Bittick stated that “this was going to be in that million-dollar range as far
as damages because how else are you going to tell BASF not to do something. . .
You have to smack them pretty hard, and I think this was that kind of case.” 

·       
Bittick answered in the
affirmative, when asked if “in your opinion and in your area of expertise as an
employment lawyer, do you feel like this would have been a million-dollar plus
case against BASF if it had been — if you had been able to properly bring that
case?”

 

            For there to be legally sufficient
evidence of causation, the record must contain expert testimony that would
enable reasonable and fair-minded people to find that Harris would have
recovered a money judgment against BASF if he had been represented by a
reasonably prudent attorney.  Under the standard articulated by the Supreme
Court of Texas, evidence of a reasonable settlement value is not sufficient.  See
Akin, Gump, Strauss, Hauer & Feld, L.L.P., 299 S.W.3d at 112; Keck,
Mahin & Cate v. Nat’l Union Fire Ins Co. of Pittsburgh, 20 S.W.3d 692,
703 & n.5 (Tex. 2000) (stating in judicial dicta that, even if underlying
litigation settled, to show causation in negligence claim against attorneys,
client has to prove that if the underlying case were tried and the client had
been represented by reasonably prudent attorneys, the judgment rendered would
have been more favorable than the settlement obtained by the allegedly
negligent lawyers). Though Bittick offered expert opinions as to breach of duty,
this testimony does not raise a fact issue as to causation.  See Alexander,
146 S.W.3d at 119–20.  

            Bittick
made statements that (1) Harris’s case “was
going to be a good solid six-figure case,” (2) Harris “was looking at 250 to
300,000 for back pay,” (3) “a ballpark figure total” as to what the case would
have been worth if Harris had “been able to bring it to a jury” is a minimum of
$300,000, with this estimate being “the low side,” (4) Harris would have been
able to recover exemplary damages against BASF in the million-dollar range, and
(5) Harris’s case would have been “a million-dollar plus case against BASF” if
Bittick had been able to properly bring it.  These statements do not address (1)
whether Harris’s claims would have survived a summary-judgment motion on the
merits so that Harris could “bring [his case] to a jury,” if Harris’s claims
had been properly prosecuted by a reasonably prudent attorney, or (2) whether
Harris would have recovered a money judgment against BASF if his claims had
been prosecuted by a reasonably prudent attorney.  Bittick’s nonspecific and
conclusory statements do not address the complicated factual and legal issues as
to whether Harris would have been able to obtain a money judgment against BASF
if he had been represented by a reasonably prudent attorney.  We conclude that
Bittick’s expert testimony would not enable reasonable and fair-minded people
to find that Harris would have recovered a money judgment against BASF if he
had been represented by a reasonably prudent attorney.[4]  Because the record does not contain any such expert
testimony, the evidence is legally insufficient to support the jury’s causation
finding as to Harris’s negligence claim against Cooper.[5]  See Akin, Gump, Strauss, Hauer & Feld, L.L.P.,
299 S.W.3d at 112; Alexander, 146 S.W.3d at 119–20; Cosgrove,
774 S.W.2d at 664–66; F.W. Indus.,
Inc., 198 S.W.3d at 221–22;
MND Drilling Corp., 866 S.W.2d at 31–32; see
also Primis Corp., 2010 WL
2103936, at *3. Accordingly, we sustain Cooper’s first issue.[6]

C.        Impermissible Fracturing: No Alternative Recovery
for Breach of Contract

            In his fifth issue, Cooper asserts that
the trial court erred in awarding Harris a recovery for breach of contract
because Harris improperly fractured his negligence claim against Cooper into a
breach-of-contract claim.  See Deutsch v. Hoover, Bax & Slovacek, L.L.P,
97 S.W.3d 179, 189–90  (Tex. App.—Houston [14th Dist.] 2002, no pet.).  The rule
against dividing or fracturing a negligence claim prevents legal-malpractice claimants
from opportunistically transforming a claim that sounds only in negligence into
other claims.  See id.  If the gist of a client’s complaint is that the
attorney did not exercise that degree of care, skill, or diligence as attorneys
of ordinary skill and knowledge commonly possess, then that complaint should be
pursued as a negligence claim, rather than some other claim.  See id.  If,
however, the client’s complaint is more appropriately classified as another
claim, for example, breach of fiduciary duty or breach of contract, then the
client can assert a claim other than negligence.  See id.  

            Harris sought the same damages in his
breach-of-contract claim as he did in his negligence claim. In pleading breach
of contract against Cooper, Harris alleged that Cooper “materially breached
[his] contract with Plaintiff, which caused Plaintiff’s injury, when [he]
failed to file with the [Texas Commission on Human Rights] within the requisite
180-day period and failed to include in Plaintiff’s lawsuit viable causes of
action under federal law.”  Harris further alleged that “Cooper’s failure to
file with the [Texas Commission on Human Rights] within the requisite180-day
period completely foreclosed Plaintiff’s right to pursue his causes of action
under the Texas Labor Code because the Code requires a plaintiff to exhaust all
administrative remedies, such as filing with the [Texas Commission on Human
Rights], before filing such a lawsuit.”  

            The jury found that Cooper breached an
agreement with Harris and found damages of $7,250, which was the amount that
Harris paid Cooper at the beginning of the representation.  Cooper testified
that he did not return any of this amount to Harris when Cooper withdrew from
the representation and that Cooper had earned this entire amount as attorney’s
fees.  It is undisputed that Cooper performed some legal services for Harris. 
The jury’s award—a refund of sorts—of the entire amount paid presumably was
based on its finding that Cooper was negligent in representing Harris.  We
conclude that the gist of Harris’s breach-of-contract claim is that Cooper did
not exercise that degree of care, skill, or diligence as attorneys of ordinary
skill and knowledge commonly possess.  Therefore, we conclude that Harris
improperly fractured his negligence claim against Cooper into a
breach-of-contract claim.  See id.; Rangel v. Lapin, 177 S.W.3d
17, 24 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  Because Harris may not
recover separately for breach of contract, we sustain Cooper’s fifth issue.

III.  Conclusion

            Expert testimony was necessary at trial to prove
that Harris would have recovered a money judgment against BASF if he had been
represented by a reasonably prudent attorney.  No expert testimony at trial
raised a fact issue in this regard.  Therefore, the evidence is legally
insufficient to support the jury’s causation finding as to Harris’s negligence
claim, and this claim thus fails as a matter of law.  Harris’s breach-of-contract
claim fails as a matter of law because he was not able to assert this claim
separately from his negligence claim under the “fracturing” doctrine. 
Accordingly, we reverse the trial court’s judgment and render judgment that
Harris take nothing.

 

 


                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost, and
Seymore.

 









[1]
The jury made its causation finding in its answer to question one. 





[2]
The trial court also denied a second motion for judgment notwithstanding the
verdict that Cooper filed after the trial court rendered judgment.





[3]
Harris argues that expert testimony was not required because the jury easily
and readily could understand Cooper’s failure to comply with applicable filing
deadlines under state and federal law.  But this argument addresses whether
expert testimony was needed to prove that Cooper breached his negligence duty,
an issue not before this court.  Harris does not present argument explaining
how it was within the jury’s common understanding to determine whether Harris
would have recovered judgment against BASF if he had been represented by a
reasonably prudent attorney.





[4]
As to Harris’s ability to recover exemplary damages, even if Bittick’s expert
testimony had been sufficient as to the recovery of exemplary damages, the
evidence is legally insufficient to support the jury’s finding in its answer to
question four that BASF acted with malice, which, under the court’s charge, was
required for Harris to recover based on exemplary damages that he allegedly
would have recovered but for Cooper’s negligence.





[5]
Harris argues that Bittick’s expert testimony was sufficient to raise a fact
issue as to causation because she explained to the jury how Cooper breached his
negligence duty by failing to comply with applicable filing deadlines under
state and federal law and how it was reasonably foreseeable to an attorney that
such a failure would cause Harris’s claims to be dismissed.  In making this
argument Harris overlooks the applicable legal standard, under which, even
though Cooper’s negligence resulted in the dismissal of Harris’s claims, there
is still no causation under Harris’s negligence claim unless Harris would have
recovered a money judgment against BASF if he had been represented by a
reasonably prudent attorney.  





[6]
Having sustained Cooper’s first issue, we need not address Cooper’s second,
third, and fourth issues.