**Affirm in part; Reverse and Render in part; and Reverse and Remand in part; Opinion Filed January 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00541-CV

**JOHN D. COPELAND, Appellant**
**V.**
**TERESA WARD COOPER, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 08-13097-A**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

John Copeland appeals the trial court's award of damages to Teresa Ward Cooper on her suit against Copeland alleging violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), fraud, legal malpractice, and "breach of duty and/or breach of fiduciary duty." Copeland did not answer Cooper's suit, and the trial court rendered a default judgment against him. The trial court held a hearing on Cooper's damages and awarded her $600,000 for economic damages, $50,000 for mental anguish, $500,000 for exemplary damages, and $4,500 for attorney's fees. On appeal, Copeland contends the evidence was legally and factually insufficient to support the trial court's award of damages. We reverse the trial court's award of economic damages and render judgment for Cooper for economic damages of $2,500. We reverse the trial court's award of exemplary damages and remand the cause to the trial court for

further proceedings on Cooper's claim for exemplary damages. In all other respects, we affirm the trial court's judgment.

## BACKGROUND

On October 9, 2008, Cooper filed suit against Copeland. Because this is an appeal from a no-answer default judgment, Copeland admitted the truth of the allegations in Cooper's petition, except for the amount of unliquidated damages. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). Cooper alleged she had been employed as a police officer by the City of Dallas. In September 2006, she had sued the Dallas Police Association (DPA) in federal district court, and the DPA moved for summary judgment. With the deadline for filing a response to the motion for summary judgment approaching, Cooper paid Copeland $2,500 to represent her in the case and to prepare and file a response to the DPA's motion for summary judgment. Copeland did not inform Cooper that he was suspended from the practice of law, and he represented to Cooper that he was a licensed attorney and eligible to file papers in court. Copeland filed an incomplete response to the motion for summary judgment and filed it late without requesting leave to file the response late. The DPA moved to strike the response and attached papers from the State Bar of Texas showing that Copeland was not eligible to practice law in Texas. Cooper alleged that Copeland's actions constituted negligence, breach of duty and fiduciary duty, fraud, and violated the DTPA.

At a contested hearing on Cooper's unliquidated damages, Cooper testified that her suit against the DPA was based on its failure to provide funding for her to hire an attorney to pursue a lawsuit against the City of Dallas. Cooper requested $5,000 from the DPA for her suit against the City, but the DPA agreed to provide only $1,800. She stated she sued the DPA alleging it discriminated against her because she was disabled and that it retaliated against her for testifying on behalf of another person suing the DPA. She stated that "if [she] had prevailed in [her] claim

that [she] would have been able to obtain a judgment and to collect damages from the [DPA] in the underlying claim." She stated that she had four retaliation claims against the DPA in the federal suit and that under 42 U.S.C. section 1981a(b)(3)(D), each claim was worth $300,000 in statutory damages. She also testified that she would not have been terminated by the City or she would have been reinstated if she had been terminated,[1] she would have been promoted from sergeant to lieutenant, and her compensation would have increased from $75,000 to at least $150,000 per year for the twelve years before her expected retirement. Cooper also testified she sought return of the $2,500 she had paid Copeland. She also testified about her claim for mental anguish.

The trial court admitted into evidence the opinion of the Fifth Circuit from the granting of the DPA's motion for summary judgment in the underlying federal suit. *See Cooper v. Dallas Police Ass'n*, 278 F. App'x 318 (5th Cir. 2008) (per curiam). According to that opinion, Cooper sued the DPA on two statutory grounds, (1) under Title VII of the Civil Rights Act for unlawfully retaliating against her for her testimony in the other employee's case and (2) under the Americans with Disabilities Act (ADA) asserting that the DPA denied her full request because she was disabled and unable to perform her duties as a Dallas Police officer. *Id.* at 319.

On Cooper's claim under Title VII, the DPA presented evidence that it did not approve the full amount of Cooper's request because of "an increase in legal expenses and a budget deficit." *Id.* Because the DPA presented a legitimate, nonretaliatory reason for the partial denial of benefits, Cooper had the burden of showing the DPA's stated reason was merely a pretext for retaliation. *Id.* The Fifth Circuit concluded Cooper "provided no evidence whatsoever to suggest that the DPA's proffered reason is a mere pretext for retaliation," and the Fifth Circuit

---

[1] Cooper's employment status with the City is not clear from her testimony.

concluded the district court did not err by granting the DPA's motion for summary judgment on that claim. *Id.* at 320.

On Cooper's claim under the ADA, the Fifth Circuit stated the ADA prohibits discrimination "against a qualified individual with a disability because of the disability." *Id.* at 320–21. The Fifth Circuit determined that Cooper presented no evidence she was a "qualified individual with a disability" because she admitted she was unable to perform the essential functions of her job, either with or without reasonable accommodations, and the ability to perform the essential functions of the position was one of the requirements for being a "qualified individual with a disability." *Id.* at 321 (quoting 42 U.S.C. § 12111(8)). The Fifth Circuit concluded that the district court did not err by granting the DPA's motion for summary judgment on Cooper's ADA claim. *Id.*

The trial court awarded Cooper $600,000 for economic damages, $50,000 for mental anguish, $500,000 for exemplary damages, and $4,500 attorney's fees. In its written findings of fact, the court stated that after hearing the evidence and the arguments, the court was "of the opinion" that Cooper was "entitled to recover" the damages and attorney's fees awarded.

## DEFAULT JUDGMENT

In his two issues on appeal, Copeland contends the evidence is legally and factually insufficient to support the trial court's award of damages.

### Preservation of Error

Cooper asserts Copeland waived his sufficiency-of-the-evidence challenges because (1) he did not raise them in his motion for new trial, and (2) he does not identify in his brief the specific findings of fact he challenges on appeal.

Cooper asserts that rule of civil procedure 324(b)(2) required Copeland to assert his factual insufficiency argument in a motion for new trial before he could present it on appeal.

Rule 324(b)(2), (3) states that a complaint of factual insufficiency of the evidence to support a jury finding must be raised in a motion for new trial before it can be raised on appeal. TEX. R. CIV. P. 324(b)(2), (3). There are no jury findings in this case; therefore, rule 324(b)(2), (3) does not apply. Cooper also argues that rule of appellate procedure 33.1 required Copeland to raise his contentions of legal and factual insufficiency of the evidence in the trial court before he could raise them on appeal. We disagree. Rule 33.1(d) states, "In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence . . . may be made for the first time on appeal in the complaining party's brief." TEX. R. APP. P. 33.1(d). Because this is a nonjury case, even if Copeland did not raise his complaints of insufficiency of the evidence in the trial court, he is not barred from raising those complaints on appeal.

Cooper also asserts Copeland waived his sufficiency-of-the-evidence complaints on appeal because he did not challenge any specific finding of fact. A party appealing from a nonjury trial in which the trial court made findings of fact and conclusions of law should direct his attack on the sufficiency of the evidence at specific findings of fact rather than at the judgment as a whole. *Thompson & Knight LLP v. Patriot Exploration, LLC*, 444 S.W.3d 157, 162 (Tex. App.—Dallas 2014, no pet.); *Shaw v. County of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied). However, a challenge to an unidentified finding of fact may be sufficient if we can fairly determine from the argument which specific finding of fact the appellant challenges. *Shaw*, 251 S.W.3d at 169. In this case, the trial court made ten findings of fact, and only one of the findings concerned Cooper's damages. In this case, we can determine from Copeland's argument which finding of fact he challenges. Accordingly, we conclude Copeland did not waive his sufficiency-of-the-evidence complaints.

## Standard of Review

The trial court made findings of fact and conclusions of law in this case. Findings of fact in an appeal from a nonjury trial carry the same weight as a jury verdict and are reviewed under the same standards that are applied in reviewing evidence to support a jury's verdict. *Shaw*, 251 S.W.3d at 169. In evaluating the legal sufficiency of the evidence to support a finding, we view the evidence in the light favorable to the fact finder's finding, indulging every reasonable inference supporting it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* at 827. The ultimate test is whether the evidence allows reasonable and fair-minded people to reach the finding under review. *See id.* Anything more than a scintilla of evidence is legally sufficient to support a challenged finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 48 (Tex. 1998). In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.).

## Economic Damages

When a plaintiff obtains a no-answer default judgment on a claim for unliquidated damages, all factual allegations in the petition are deemed admitted except for the amount of unliquidated damages. *Dolgencorp*, 288 S.W.3d at 930. However, the plaintiff must prove the amount of actual damages and prove that the event sued upon caused the damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984).

Copeland argues Cooper presented no evidence to support the award of damages caused by Copeland's negligence, fraud, DTPA violations, and breach of duty or fiduciary duty. In default judgment cases, the procedure for determining the amount of damages depends upon the type of damages claimed. If the damages are liquidated, that is, they may be accurately calculated from the factual as opposed to the conclusory allegations in the plaintiff's petition, and the damages are proved by an instrument in writing, then "the damages shall be assessed by the court, . . . and final judgment shall be rendered therefor . . . ." TEX. R. CIV. P. 241; *see Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 688 (Tex. App.—Dallas 2005, no pet.). If the damages are unliquidated or not proven by an instrument, then the trial court must hear evidence on the damages, and the plaintiff must prove "a causal nexus between the event sued upon and the party's alleged injuries." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984).

Cooper pleaded that she paid Copeland $2,500 to represent her in reliance on his representations that he was a licensed attorney and eligible to file papers in court, and she attached to her petition a copy of the check to Copeland in the amount $2,500 that was endorsed by Copeland and processed by the bank. Cooper was damaged in the amount of $2,500 by Copeland's false representations that he was a licensed attorney and eligible to file papers in court. We conclude Cooper had liquidated damages of $2,500.[2]

Turning to Cooper's other economic damages, her testimony, viewed in the light most favorable to the trial court's findings, was that if she had won the suit against the DPA in which she had hired Copeland to represent her, she would have received statutory damages of $1.2 million in her federal suit ($300,000 for each of four counts), she would have pursued her suit against the City of Dallas, she would not have been terminated by the City or she would have

---

[2] In his brief, Copeland states, "A $2,500 retainer for [attorney's] fees is considered liquidated damages."

been reinstated if she had been terminated, she would have been promoted to lieutenant, and her compensation would have increased from $75,000 to $150,000 per year for the twelve years before her retirement, which would be damages of $1,800,000. These alleged damages were unliquidated, and Cooper had to present evidence at trial of a causal nexus between Copeland's conduct and these damages. *See Morgan*, 675 S.W.2d at 732.

To establish causation where a legal malpractice claim arises from a prior suit, the plaintiff must establish that but for her attorney's negligence, "she would be entitled to judgment." *Cunningham v. Hughes & Luce, L.L.P.*, 312 S.W.3d 62, 67 (Tex. App.—El Paso 2010, no pet.); *see MND Drilling Corp. v. Lloyd*, 866 S.W.2d 29, 31–32 (Tex. App.—Houston [14th Dist.] 1987, no writ) (attorney's failure to respond to summary judgment motion alone not enough to support legal malpractice claim; plaintiff must also show suit would have survived summary judgment and that the suit would have been successful but for the attorney's negligence). This burden is often referred to as the "suit within a suit" requirement. *Greathouse v. McConnell*, 982 S.W.2d 165, 173 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

To prove Copeland's actions caused her economic damages beyond the $2,500 she paid him, Cooper had to prove that, but for Copeland's negligence, fraud, DTPA violations, and breach of duty and fiduciary duty, Cooper would have won her federal suit against the DPA and recovered damages. Copeland presented evidence (the Fifth Circuit's opinion) that the DPA's motion for summary judgment in the federal case was granted because Cooper presented no evidence (1) that the DPA's stated reason for partially denying her request for funds was a pretext for retaliation; and (2) that she was a qualified individual with a disability under the ADA. The Fifth Circuit's opinion does not show that the DPA's motion for summary judgment was granted because Copeland was suspended from the practice of law. Cooper presented no evidence in this case that, but for Copeland's failings, she could have presented evidence in the

federal case to overcome the motion for summary judgment. Moreover, Cooper presented no evidence that if Copeland had not been suspended and had presented a response sufficient to overcome the motion for summary judgment that she would have ultimately prevailed and recovered any damages in her federal case.[3] We conclude no evidence supports the trial court's award of unliquidated economic damages.

## Mental Anguish

The trial court awarded Cooper $50,000 for mental anguish. On appeal, Copeland's sole argument is that the trial court could not award Cooper mental-anguish damages because her mental anguish was the consequence of her economic damages caused by Copeland's negligence. In *Douglas v. Delp*, 987 S.W.2d 879 (Tex. 1999), the supreme court stated that mental-anguish damages were not allowed when the defendant's negligence harmed only the plaintiff's property. *Id.* at 885. In those cases, damages measured by the economic loss would make the plaintiff whole. *Id.* Applying those concepts to attorney malpractice, the court stated that limiting the plaintiff's recovery to economic damages would fully compensate the plaintiff for the attorney's negligence. *Id.* The court concluded "that when a plaintiff's mental anguish is a consequence of economic losses caused by an attorney's negligence, the plaintiff may not recover damages for that mental anguish." *Id.*

However, negligence was not Cooper's only cause of action.[4] She also asserted a claim for fraud from Copeland's misrepresentation that he was eligible to practice law in Texas and file papers in court. In a fraud claim, a plaintiff can "recover economic damages, mental anguish,

---

[3] Even if Cooper had established the DPA's liability on her claims, she would still have had to prove her damages in that case. Cooper appears to argue she would have been automatically entitled to $300,000 on each of her discrimination claims under 42 U.S.C. § 1981a(b)(3)(D). However, that provision provides a $300,000 cap on damages; it does not entitle a prevailing plaintiff to an award of $300,000 absent evidence of damages of at least $300,000. However, Cooper presented no evidence in this case that the DPA was liable on her causes of action.

[4] To the extent Copeland may argue that Cooper cannot fracture her attorney-negligence claim into causes of action other than negligence, such as her DTPA, breach of duty and fiduciary duty, and fraud claims, Copeland did not raise that argument at trial and therefore may not raise it for the first time on appeal. *See* TEX. R. APP. P. 33.1(a)(1); *McLeod v. Gyr*, 439 S.W.3d 639, 648 (Tex. App.—Dallas 2014, pet. filed).

and exemplary damages." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). We conclude Copeland has failed to show the trial court erred by awarding Cooper $50,000 for mental anguish.

**Exemplary Damages**

Copeland also argues the trial court erred by awarding Cooper exemplary damages of $500,000. Copeland first argues the trial court erred by awarding any exemplary damages because Cooper elected in her petition to recover trebled damages under the DTPA, and section 41.004 of the Texas Civil Practice & Remedies Code prohibits an award of exemplary damages when a party "elects to have his recovery multiplied under another statute." TEX. CIV. PRAC. & REM. CODE ANN. § 41.004(b) (West 2008). Copeland argues that Cooper elected in her petition to recover trebled damages under the DTPA because she pleaded a cause of action under the DTPA and requested trebled damages. However, Cooper also pleaded in the same petition a cause of action for fraud, and she requested exemplary damages. *See Tony Gullo Motors*, 212 S.W.3d at 304 (party may receive exemplary damages for fraud). A party may plead causes action in the alternative. *See* TEX. R. CIV. P. 48. We conclude Cooper did not elect in her petition to recover trebled damages instead of exemplary damages.

Copeland also argues Cooper presented no evidence to support the award of exemplary damages. Section 41.003 of the civil practice and remedies code provides, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." CIV. PRAC. § 41.003(a) (West Supp. 2014). "'Clear and convincing' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." CIV. PRAC. § 41.001(2) (West 2008). The elements of a cause of action for fraud are: (1) that a

–10–

material misrepresentation was made; (2) the defendant knew the representation was false or made it recklessly without any knowledge of the truth; (3) the speaker made the representation with the intent that the other party would act upon it or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on the representation. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011).

Cooper pleaded the following allegations in her petition, and because Copeland did not answer, we deem these facts to have been admitted by Copeland. *See Dolgencorp*, 288 S.W.3d at 930. Cooper hired Copeland to represent her in her suit in federal court against the DPA and paid Copeland $2,500. Before Cooper paid Copeland, Copeland represented that he was a licensed attorney and eligible to sign and file papers in the courts on Cooper's behalf. However, Copeland was at that time ineligible to practice law. Copeland had an awareness of the falsity of the representation and had the specific intent that Cooper act in detrimental reliance on the false representation. Cooper relied on Copeland's misrepresentations to her detriment and would not have paid Copeland for his services but for the false representation. These allegations were sufficient to allege a cause of action for fraud against Copeland. Because the allegations were deemed conclusively proved by Copeland's failure to answer, they proved Cooper's harm resulted from Copeland's fraud by clear and convincing evidence.

Copeland also contends the evidence did not support the trial court's decision to award Cooper exemplary damages of $500,000. "[T]he determination of whether to award exemplary damages and the amount of exemplary damages to be awarded is within the discretion of the trier of fact." Civ. Prac. § 41.010(b) (West 2008). However, the award of exemplary damages may not exceed the limits imposed in section 41.008. *Id.* Section 41.008 limits an award of exemplary damages (unless certain criminal conduct was involved) to the greater of:

–11–

(1)  (A) two times the amount of economic damages; plus

(B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or

(2) $200,000.

CIV. PRAC. § 41.008(b) (West Supp. 2014).  In this case, Copeland's economic damages were $2,500, and her noneconomic damages were $50,000.  Twice Copeland's economic damages plus her noneconomic damages equals $55,000.  Therefore, Copeland's exemplary damages were statutorily limited to $200,000.  *See id.*  The trial court's award of $500,000 exceeded the statutory limit on the amount of exemplary damages.  Because the determination of whether to award exemplary damages and the amount to be awarded is within the discretion of the trier of fact, we must remand the cause to the trial court for determination of the amount of exemplary damages, if any, to award Cooper.  In making the determination, the trial court should take into consideration the factors under section 41.011 of the civil practice and remedies code.  *See* CIV. PRAC. § 41.011 (West 2008).

## CONCLUSION

We sustain Copeland's issues in part and we overrule them in part.  We reverse the trial court's award of $600,000 for economic damages, and we render judgment that Cooper recover economic damages of $2,500.  We reverse the trial court's award of exemplary damages and remand the cause to the trial court for determination of the amount of exemplary damages, if any,

to award Cooper.  In all other respects, we affirm the trial court's judgment.[5]

130541F.P05

/Lana Myers/
LANA MYERS
JUSTICE

---

[5] Copeland brings no issue or argument on appeal that the trial court erred by awarding Cooper her attorney's fees.  Accordingly, we do not address whether the attorney's fees should have been awarded in this case.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN D. COPELAND, Appellant

No. 05-13-00541-CV     V.

TERESA WARD COOPER, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 08-13097-A.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is affirmed in part and reversed in part as follows: We **REVERSE** the trial court's award of $600,000 for economic damages, and we **RENDER** judgment of $2,500 for economic damages. We **REVERSE** the trial court's award of $500,000 exemplary damages, and we **REMAND** the cause to the trial court for determination of the amount of exemplary damages, if any, to award appellee Teresa Ward Cooper. In all other respects, we **AFFIRM** the trial court's judgment.

We further **ORDER** that each party bear its own costs.

Judgment entered this 7th day of January, 2015.